ROB BONTA
Attorney General of California
TODD GRABARSKY
CHARLES SAROSY
Supervising Deputy Attorneys General
SAMUEL SOKOLSKY
Deputy Attorney General
State Bar No. 348173
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3584
 Fax:  (916) 731-2124
 E-mail:  Samuel.Sokolsky@doj.ca.gov
*Attorneys for Rob Bonta, in his official
capacity as Attorney General of the State of
California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **SANDY SCHILLER; LUCAS ALONSO-MARTINEZ; and BYRNA TECHNOLOGIES, INC.,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**ROB BONTA, in his official capacity as Attorney General of California,**<br><br>Defendant. | Case No. 3:25-cv-03411-AJB-VET<br><br>**JOINT DISCOVERY PLAN** |

1

**JOINT DISCOVERY PLAN**

Pursuant to this Court's Order, ECF No. 13 (February 3, 2026), the parties hereby submit this proposed Joint Discovery Plan for the Court's consideration.

### A. <u>Plaintiffs' Summary of the Case</u>

The Second Amendment protects law-abiding citizens' right to possess—and, as an incident, to acquire—arms for lawful purposes, including self-defense. *See District of Columbia v. Heller*, 554 U.S. 570, 627, 629 (2008). Plaintiffs bring this lawsuit to challenge California's ban on the possession and sale of pepper projectile launchers. *See* Cal. Penal Code §§ 17240(a), 17250, 22810(e)(1), (g)(1), and 22900 (the "Pepper Projectile Launcher Bans"). Pepper projectile launchers are a commonly-used arm that many Americans choose as a non-lethal alternative to firearms. California doesn't just deny its citizens this choice; it criminalizes the act of selling or possessing such an arm. This inexplicable ban violates the Second Amendment. In *Caetano v. Massachusetts*, a unanimous Supreme Court held that non-lethal stun guns are "arms" protected by the Second Amendment. 577 U.S. 411, 412 (2016) (per curiam). The non-lethal arms at issue here are similarly protected. Plaintiffs respectfully request that this Court declare the Pepper Projectile Launcher Bans unconstitutional and enjoin their enforcement.

### B. <u>Defendant's Summary of the Case</u>

In this case, Plaintiffs challenge the constitutionality of California Penal Code sections 17240(a), 17250, 22810(e)(1) and (g)(1), and 22900. Together, these laws lawfully regulate the purchase, possession, or use of any tear gas weapon that expels a projectile, or that expels the tear gas by any method other than an aerosol spray, or that contains more than 2.5 ounces net weight of aerosol spray. Contrary to Plaintiffs' claim in their Complaint, these laws are constitutional under the Second and Fourteenth Amendments.

**C. <u>Discovery Plan Topics Under Federal Rule of Civil Procedure 26(f)(3)</u>**

**(i)      Initial Disclosures**

The parties do not request any changes to timing or form of initial disclosures. The parties will exchange initial disclosures on April 8, 2026.

**(ii)      Subjects of Discovery**

Plaintiffs do not anticipate taking significant fact discovery since the material facts giving rise to the resolution of the legal question here should be undisputed. Plaintiffs may nevertheless take discovery on, among other things, the use by California law enforcement of launchers not available to ordinary citizens under the ban and the enforcement of California's ban on the possession and sale of such launchers. Plaintiffs may use experts in the case, including but not limited to experts related to historical regulations that bear on the constitutionality of California's Pepper Projectile Launcher Bans. Plaintiffs reserve the right to take expert discovery related to any expert, including any rebuttal expert, used by Defendant.

Defendant anticipates taking discovery related to Plaintiffs' standing, the nature of their claim, their contentions in the Complaint, and the facts underlying their allegations in the Complaint. Defendant anticipates using experts in the case including but not limited to experts related to historical weapon regulations and the use and effects of the items at issue. Defendant reserves the right to take expert discovery related to any expert, including any rebuttal expert, used by Plaintiffs. Defendant plans to identify any additional deponent, if any, through written discovery.

**(iii)      Issues About Disclosure, Discovery, or Preservation of ESI**

The parties do not currently anticipate any particular issues arising related to disclosures, discovery, or the preservation of electronically stored information. If any such issue arises, the parties will meet and confer to attempt to resolve it.

**(iv)      Issues About Claims of Privilege or of Protection as Trial-**

3

**Preparation Materials**

The parties do not currently anticipate any particular issues arising related to claims of privilege or of protection as trial-preparation materials. If any such issue arises, the parties will meet and confer to attempt to resolve it.

**(v)    Discovery Limitations**

The parties do not currently request any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or applicable local rules.

**(vi)    Any Other Orders Under Rules 26(c), 16 (b) and (c)**

At this time the parties do not request any order orders under Federal Rules of Procedure 26(c), 16(b) and (c).

**D. <u>Additional Topics Specified in February 3, 2026 Order</u>**

**(i)    Service**

All parties in the action have been served.

**(ii)    Counsel in Attendance of Rule 26 Conference**

Samuel Sokolsky and Charles Sarosy, counsel for Defendant, and Bradley Benbrook, Stephen Duvernay, and Michael Francisco, counsel for Plaintiffs, attended the Rule 26 conference, held on March 24, 2026 over Zoom videoconferencing.

**(iii)    Amendment of Pleadings**

The parties do not currently expect to amend the pleadings.  The parties propose a deadline of May 13, 2026 to amend the pleadings.

**(iv)    Protective Order**

The parties anticipate there may be a need for a protective order.  The parties will meet and confer on whether a protective order is indeed necessary and if so, submit to the Court by August 14, 2026.

**(v)    Electronic Discovery**

The parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. At this point, the parties do not

4

anticipate seeking Electronically Stored Information ("ESI") in discovery or the need for an ESI protocol.

### (vi)   Rule 35 Examination

The parties do not anticipate conducting any Rule 35 examinations.

### (vii)   Discovery

The parties do not anticipate the need to conduct discovery in phases.

### (viii)  Related Cases

The parties have not identified any related cases.

### (ix)   Motions

The parties have filed a joint motion for excusal from the Early Neutral Evaluation. That motion remains pending. The parties anticipate filing cross motions for summary judgment, and the parties anticipate that final disposition of this case will be decided on those motions. The parties request a scheduling order on those cross motions for summary judgment as follows below.

### (x)   Scheduling

The parties jointly propose the following schedule:

1. The completion of fact discovery: August 14, 2026
2. Expert designation and disclosure: September 18, 2026
3. Supplemental designation and disclosure of expert witnesses: October 9, 2026
4. The completion of expert discovery: October 23, 2026
5. Motion Cutoff: the parties propose the following schedule for cross motions for summary judgment:
   a. Defendant's Motion for Summary Judgment: November 20, 2026
   b. Plaintiffs' Combined Opposition to Plaintiff's MSJ and Motion for Summary Judgment: December 18, 2026
   c. Defendant's Combined Opposition to Plaintiffs' MSJ and Reply in Support of MSJ: January 22, 2027

5

d.  Plaintiffs' Reply in Support of MSJ: February 19, 2027

### (xi)  Trial

Given the nature of the claims and defenses at issue, the parties believe that this case will most likely be resolved through dispositive motions.  The parties therefore propose that the Court refrain from scheduling the Mandatory Settlement Conference, pretrial conference, and trial at this time. If the case is not fully resolved by dispositive motions, the parties will then confer regarding a joint trial proposal. In that event, the case would be tried by the Court, not a jury.

### (xii)  Professional Conduct

All counsel listed in the pleadings or motions for the Plaintiffs and Defendants have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

Dated:  April 8, 2026                    Respectfully submitted,

ROB BONTA
Attorney General of California
TODD GRABARSKY
CHARLES SAROSY
Supervising Deputy Attorneys General

*/s/ Samuel Sokolsky*
SAMUEL SOKOLSKY
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

Dated:  April 8, 2026                    BENBROOK LAW GROUP, PC

By  */s/ Stephen M. Duvernay*
STEPHEN M. DUVERNAY
Attorneys for Plaintiffs

Joint Discovery Plan (3:25-cv-03411)

## **SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Stephen M. Duvernay, counsel for Plaintiffs, and that I have obtained his authorization to affix their electronic signature to this document.

Dated:  April 8, 2026                              Respectfully submitted,

                                                   */s/ Samuel Sokolsky*
                                                   SAMUEL SOKOLSKY
                                                   Deputy Attorney General
                                                   *Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, a copy of the foregoing was filed via the court's CM/ECF system which will electronically serve a copy to all counsel who have appeared in this case.

Dated:  April 8, 2026                                      /s/ Samuel Sokolsky
                                                           SAMUEL SOKOLSKY
                                                           Deputy Attorney General
                                                           *Attorney for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

Joint Discovery Plan (3:25-cv-03411)