BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

MICHAEL FRANCISCO*
JAMES COMPTON*
FIRST & FOURTEENTH PLLC
800 Connecticut Ave, Suite 300
Washington, DC 20006
(202) 754-0522
michael@first-fourteenth.com

*Admitted Pro Hac Vice

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SANDY SCHILLER; LUCAS ALONSO-MARTINEZ; and BYRNA TECHNOLOGIES, INC.,

Plaintiffs,

v.

ROB BONTA, in his official capacity as Attorney General of California,

Defendant.

Case No.: 3:25-cv-03411-AJB-VET

**JOINT MOTION FOR STAY OF PROCEEDINGS**

The Plaintiffs and Defendant (or, the "Parties) hereby stipulate and jointly move this Court for an order (1) staying this case pending the U.S. Supreme Court's resolution of the recently-granted petitions for a writ of certiorari in *Viramontes v. Cook County*, No. 25-238 (U.S. cert. granted June 30, 2026) and *Grant v. Higgins*, No. 25-566 (U.S. cert. granted June 30, 2026); (2) vacating all pending deadlines set in the Court's Scheduling Order (ECF No. 19), and (3) directing the parties to file a joint status report no later than 30 days after the U.S. Supreme Court issues its decision in the consolidated cases of *Viramontes v. Cook County* and *Grant v. Higgins*. The parties have met and conferred about this request, consent to this request, and agree that good cause exists for the granting of this request.

In support of this Joint Motion, the Parties state as follows:

1. Plaintiffs challenge California's statutory bans on the possession, use, and sale of what is described in the Complaint as "pepper projectile launchers" under the Second Amendment. The State filed an answer, and the parties have litigated pursuant to the Court's Scheduling Order (ECF No. 19). The parties are nearly finished with fact discovery and would finish fact discovery if the Court grants the stay requested here.

2. On June 30, 2026, the United States Supreme Court granted certiorari in *Viramontes v. Cook County*, No. 25-238, and *Grant v. Higgins*, No. 25-566, and consolidated the two cases. Certiorari in both cases was granted as to the question presented in *Viramontes*, which is: "[w]hether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles." Petition at i, *Viramontes*, No. 25-238.

3. The parties agree that it would be in the interests of both judicial economy and preserving the parties' resources to stay this action pending the decision in the consolidated cases of *Viramontes* and *Grant*. The Supreme Court's decision may address multiple, if not all, of the following issues that may be litigated in the cross-motions for summary judgment in this action:

(a) whether "common use" is decided in the first (textual coverage) or second (history and tradition) steps of *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 28 (2022);

(b) what constitutes "common use" and how is it shown; and

(c) what constitutes a "dangerous and unusual weapon".

4. In light of the issues that may be addressed in *Viramontes* and *Grant*, and considering that the Complaint alleges that "pepper projectile launchers" are "in common use (and therefore not dangerous and unusual)" (Compl. ¶ 44), the Parties agree that expert discovery and summary judgment briefing may benefit from the Court's decision in *Viramontes* and *Grant*, without agreeing that *Viramontes* and *Grant* necessarily control the outcome of any disputed issue. Moreover, moving ahead with a summary judgment motion without the benefit of the Supreme Court's decision in these consolidated cases risks having the Court duplicate its efforts, as the Ninth Circuit has at times remanded Second Amendment appeals for reconsideration following Supreme Court decisions that bear on pending cases. *See, e.g.*, *Jones v. Bonta*, 47 F.4th 1124, 1125 (9th Cir. 2022) (remanding Second Amendment appeal following the Supreme Court's decision in *Bruen*).

5. In light of the foregoing, the Parties agree that it would be in the interests of both judicial economy and preserving the Parties' resources to stay this action pending the Supreme Court's decision in the consolidated cases of *Viramontes* and *Grant*. The Parties therefore ask this Court to vacate the current deadlines and direct the parties to submit—no later than 30 days after the decision in *Viramontes* and *Grant*—a joint status report that proposes appropriate next steps in light of the decision.

6. The parties do not intend for a stay to foreclose any of the Parties from seeking an order from the Court to reopen fact discovery if that Parties can satisfy the good cause standard for doing so based upon the Supreme Court's analysis in *Viramontes* and *Grant*.

Dated: August 28, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
TODD GRABARSKY
CHARLES SAROSY
Supervising Deputy Attorneys General

*s/ Samuel Sokolsky*
SAMUEL SOKOLSKY
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of California*

Dated: August 28, 2026

BENBROOK LAW GROUP, PC

FIRST & FOURTEENTH PLLC

By s/ Bradley A. Benbrook
BRADLEY A. BENBROOK
STEPHEN M. DUVERNAY
Attorneys for Plaintiffs

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Samuel Sokolsky, counsel for the Defendant, and that I have obtained his authorization to affix his electronic signature to this document.

Dated: August 27, 2026

BENBROOK LAW GROUP, PC

By s/ Stephen M. Duvernay
STEPHEN M. DUVERNAY
Attorneys for Plaintiffs