UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SANDY SCHILLER, et al.,

Plaintiffs,

v.

ROB BONTA, in his official capacity as Attorney General of California,

Defendant.

Case No.: 25-cv-03411-AJB-VET

**ORDER GRANTING JOINT MOTION FOR STAY OF PROCEEDINGS**

(Doc. No. 23)

Before the Court is the Joint Motion for Stay of Proceedings filed by Plaintiffs Sandy Schiller, Lucas Alonso-Martinez, and Byrna Technologies, Inc., ("Plaintiffs") and Defendant Rob Bonta ("Bonta"), in his official capacity as Attorney General of California. (Doc. No. 23.)

Plaintiffs challenge various provisions of California's Penal Code that prohibit the sale, purchase, and/or possession of pepper projectile launchers as unconstitutional under the Second Amendment. (Doc. No. 1 ¶¶ 5–6.) In April 2026, the Court issued a scheduling order governing proceedings in this action. (Doc. No. 19.) Based on the scheduling order, the parties should be engaged in discovery, with fact discovery completed by August 16, 2026, and expert discovery ongoing through October 23, 2026. (*Id.* at 2–3.) Summary

judgment and *Daubert* motion briefing has been scheduled to run from January through March 2027, with a hearing set for June 3, 2027. (*Id.* at 5.)

On June 30, 2026, the United States Supreme Court granted petitions for writs of certiorari in *Viramontes v. Cook County, Ill.*, No. 25-238, and *Grant v. Higgins*, No. 25-566. The Supreme Court granted cert on the question of "[w]hether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles."

In light of the Supreme Court's actions, the parties ask the Court to stay this matter because

> [t]he Supreme Court's decision may address multiple, if not all, of the following issues that may be litigated in the cross-motions for summary judgment in this action:
>
> (a) whether "common use" is decided in the first (textual coverage) or second (history and tradition) steps of *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 28 (2022);
> (b) what constitutes "common use" and how it is shown; and
> (c) what constitutes a "dangerous and unusual weapon".

(Doc. No. 23 at 2–3.) The parties disagree on whether the Supreme Court's decision would "necessarily control the outcome of any disputed issue." (*Id.* at 3.) Nevertheless, the parties agree that a stay would provide judicial economy and preserve resources. (*Id.*)

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "[I]f there is even a fair possibility that the stay . . . will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

The Court agrees with the parties that a stay is warranted. Justices and judges have recognized that there is a need for more guidance in how to address Second Amendment challenges. *See, e.g.*, *United States v. Rahimi*, 602 U.S. 680, 743 (2024) (Jackson, J., concurring) ("after *Bruen*, 'confusion plagu[es] the lower courts.'") (citation omitted); *Nat'l Ass'n for Gun Rights v. Lamont*, 153 F.4th 213, 235 (2d Cir. 2025) ("This lack of clarity has led to . . . confusion among courts generally."). Against this backdrop, the Court anticipates that the Supreme Court's resolution of *Viramontes* and *Grant* will likely provide at least some guidance, if not have a direct impact on the issues before the Court. *See Mediterranean Enters.*, 708 F.2d at 1465. Meanwhile, there is no indication before the Court that a stay will work damage to someone else. *Cf. Dependable Highway Express*, 498 F.3d at 1066.

For the foregoing reasons, the Joint Motion is **GRANTED**. The case is **STAYED** pending the Supreme Court's resolution of *Viramontes* and *Grant*. All pending deadlines are **VACATED**. The parties must file a joint status report **<u>within 30 days</u>** of the Supreme Court's decision. The joint status report must address what, if any, issues remain and propose next steps for this matter.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Hon. Anthony J. Battaglia
United States District Judge